JOHN W. MILLER and others v. JAMES MOORE.

The act " for the better security of mechanics and others " in the city of New York, passed July 11, 1851, is applicable to work done after the law took effect, although the contract was made before the act was passed, and does not, in this respect, so alter or impair the owner's contract, as to be, *upon that ground*, unconstitutional.

*It seems*, that a payment made before the act took effect, though made before it became due, and a set off then existing, and damages for the default of the contractor claimed by way of recoupment, are available to the owner as a defence.

Taking the note of the contractor for the amount of the work or materials, does not

Miller v. Moore.

deprive the claimant of his right to acquire a lien under this statute; and such lien may be acquired by filing a notice with the county clerk before the note is due, although the lien cannot be enforced until the money is payable.

The claimant may, then, have an enforcement of the lien, *unless* the term of credit given by him to the contractor was so long, that the lien shall have expired by the limitation of twelve months, which the statute has affixed to it, or unless the steps taken by the owner, while the credit was running, have defeated it.

Whether the owner, having compelled the claimant to commence his action before the expiration of the credit, by serving the notice prescribed by subdivision 4 of § 11 of the act, waives the objection that the term of credit has not expired, and is estopped by his own act to set up such a defence? *Quere.*

The opinion heretofore expressed by this court, confirmed, namely, that the foreclosure contemplated by the statute is an equitable proceeding, in which the powers of the court, as a court of equity, are invoked, to mould the remedy to suit the circumstances of each case, that the beneficial purposes of the act may be accomplished, and yet justice be done to all parties, without altering the contracts made among themselves.

Where a defendant makes an admission, in his sworn answer, that admission may be taken most strongly against him on the trial; and a defendant will not be permitted to amend his answer on the trial, by retracting such admission, unless it be upon very clear proof that he has been misled or deceived, or acted under clear mistake.

SPECIAL TERM, JANUARY, 1854. Before WOODRUFF, J.

AFFIRMED AT GENERAL TERM, NOVEMBER, 1854.

THIS was a proceeding under the mechanics' lien law of 1851, and was instituted by the sub-contractors, to recover from the owner of buildings in the city of New York, by the foreclosure of a lien effected thereon, a claim against the contractors, for labor performed and materials furnished in the erection. The trial was by the court, without a jury, WOODRUFF, J., presiding, and a judgment was directed for the plaintiffs.

The cause, in the first instance, came before the court at special term, on the defendant's motion for a new trial, when the following opinion was delivered:

BY THE COURT. WOODRUFF, J.—The proceeding is instituted to foreclose a lien, claimed under the act for the better security of mechanics, &c., passed July 11th, 1851.

It appears that the defendant (the owner of the building in

question) entered into a contract with one Henry for its erec-
tion, on the 20th day of May, 1851, and that the building was
erected in pursuance of that contract.   The plaintiffs' claim
for labor and materials done and furnished to the said Henry,
(towards the erection of the building,) after the passage of the
act, and the recovery herein, was for an amount claimed to
have been done and furnished after the act took effect.

The defendant insists, that inasmuch as his agreement with
Henry (the contractor) was made before the act was passed,
the act cannot be applied to it.   And that if the act can be
said to embrace in its terms work and materials done or fur-
nished in conformity with such an agreement, it is, *so far*, un-
constitutional, because, 1st, it imposes a liability upon the
owner to pay a different party from the one he contracted to
pay ; and, 2d, because it does not permit the owner to make
the same defences which he might make to the claim of the
contractor ; such as a counter claim, by way of set off, or re-
coupment, or payments made before they are due, according
to the terms of his contract.

The construction given by this court to the act in question,
in *Doughty* v. *Devlin*, general term, May, 1852, (*ante*, p. 625,)
by which we have since that time been governed, relieves
the act from any imputation of unconstitutionality *upon the
grounds here urged*.   Shortly after that decision, this precise
point was raised before me at special term, and it was then
held, that these objections did not warrant us in saying that
the law was, in this respect, unconstitutional.   That the effect
of the law was to enable one who performed work and labor,
&c., after the act took effect, to acquire a lien, which should
have an operation somewhat in the nature of an attachment
of the fund in the owner's hands, and compel the application of
it to the payment of the contractor's debt.   The judgment in
these proceedings may be regarded as working an assignment
to the claimant of the moneys due to the contractor.   It does
not, in this view, alter or impair the contract between the
owner and contractor.

Whether, in a proceeding in favor of a laborer, material

man, or sub-contractor, the owner may set up as a defence a set off, or counter claim, against the contractor in his own. favor, or payments made by the owner to the contractor before they became due, by the terms of the contract, it is not necessary to say. No such fact appears in this case, and the question appertains, not to the validity, but to the construction. of the act. · If it appeared that such payment was made with intent thereby to defraud the laborers or material men, and defeat the beneficial design of the act, doubtless such payments would be deemed a fraud upon the law, and no defence. But I have no doubt that a payment made before the act took effect, though made before it became due, and a set off then existing, are both available to the owner; and I have as little doubt, that the owner may recoup his damages for the default of the contractor in the performance of his contract.

The views expressed in *Kaylor, et al.* v. *O'Connor*, in special term, April, 1853,(a) are a reiteration of views regarding the construction of the act, which remove the objection here made.

In *Owens* v. *Ackerson*, a set off was allowed when the contractor was himself the plaintiff in this proceeding. (*Ante*, p. 691.)

In *Sullivan* v. *Brewster, et al.*, this court, in general term, re-affirmed the doctrine of *Doughty* v. *Devlin*, and held, that the act applies to cases where the contract was made before its passage, if the labor, &c., was performed after the act took effect. (*Ante*, p. 681.)

The discussion to be found in the opinions given in the various cases above referred to, render it unnecessary for me ·to repeat the views then expressed.

The next ground urged for a new trial is, that the plaintiff did not sufficiently show that the amount of the recovery was due to him.

The defendant answered under oath, and in the answer he states expressly, that he is informed and believes that the con-

(a) *Ante*, p. 672.

tractor (Henry) has given to the plaintiffs his promissory note for $166 96, and that the note was received by the plaintiffs, to be applied on account of the labor and materials for building the houses in question, and for which labor and materials the plaintiffs claim the lien in this proceeding. This is a clear admission of the performance of the work, &c., to *that amount.* It bears no other construction. The language of a pleading is always to be taken most strongly against the pleader, and if this averment did admit of the equivoque claimed for it by counsel on the argument, the plaintiffs have a right to use it as an admission, if it can bear that interpretation.

The plaintiffs had a right, therefore, to claim to the extent of $166 96, without further proof of their performance, and that is the amount which (on the production of the note on the trial, as evidence that it remained in their hands unpaid) they did recover.

But the defendant's counsel insists, that the judge ought to have granted his motion to amend his answer, on the trial, by striking out this admission. The exercise of the power to allow amendments on the trial must rest in sound discretion, and be exercised with a view to promote justice. I am not aware that a case has arisen in which a party has been permitted to retract a sworn admission. If that be proper in any case, it must be upon very satisfactory evidence that the party has been deceived or misled, or that his pleading was put in under a clear mistake as to the facts. No such proof was exhibited here as the ground of the motion, and I think leave to make such amendment was properly withheld. It follows, of course, that the defendant's offer to show that the materials furnished were not used in the buildings, was properly rejected. This proof was not offered in support of the motion to amend, or to show that the defendant had answered under a misapprehension of the facts, but as a substantive defence. Clearly he could not urge a defence, inconsistent with his answer, in contradiction of his own oath.

The defendant further insisted that the plaintiffs, having

taken the contractor's note for the amount of their claim, could not afterwards proceed under the statute and acquire a lien, and that the note should be regarded as payment.

I need hardly say, that giving a note of the purchaser for goods is not payment. The note of a third person is payment, if expressly received as payment; but the note of the purchaser is a mere security or evidence of the indebtedness, and of the term of credit given. If the note is not paid at maturity, the vendor may resort to the original contract, and proceed for the consideration, producing and canceling the note on the trial.

Nor can I find any reason for holding, that taking the contractor's note, deprives the laborer or material man of the benefits of the act in question, if such note be not paid. No reason was suggested by the defendant's counsel. The debt still subsists. It is for labor or materials, as truly as if no note had been given. The defendant has not been led, by reason of the existence of the note, to place himself in any worse position than he would have been in had the matter remained a charge upon book account at the same period of credit.

*Finally*, the defendant insists, that the plaintiff, having given to Henry (the contractor) a credit of two months, from Dec. 3d, 1851, (the date of the note,) could not obtain a lien by filing a notice of claim with the county clerk before the term of credit expired; and that the notice of claim having in this case been filed on the 19th of January, 1852, the whole proceeding fails. I am not aware that this precise point has been before raised. In the cases above referred to, we have held, that the claimant might file his claim, though nothing was at that time due from the *owner* to the *contractor*, and so acquire a lien, which might avail to reach moneys thereafter becoming due from the owner. I incline to think the same construction should be given to the act, when applied to the debt for which the lien is sought to be created, and that so soon as the work is done or the materials are furnished, the claim may be filed and a lien secured; and yet the question is not free from difficulty.

It is obvious that the lien cannot be *enforced* until the money is due. The legislature never intended that the party should, by means of the proceeding authorized by this act, collect payment for his labor, or materials, before it became payable by the terms of service or sale. If the claimant has voluntarily given credit for his goods or his labor, he must clearly wait till the credit has expired before he can compel payment.

This, also, appears from the language of the 5th section, which requires him, when he commences his action, to serve on the owner a bill of particulars of the *amount* claimed *to be due*. Suppose, then, having given a credit of three months, and filed his claim for the purpose of obtaining a lien by way of security, he receives immediate notice from the owner, requiring him to commence an action for the enforcement of his lien, as contemplated by subdivision 4, of section 11, of the act. If he receives such notice he must commence his action, or his lien is lost; and if he do commence his action, shall he be defeated because his claim has not yet become payable by the terms of his own contract? Or shall it be said that the owner, by giving him the notice, waives the objection that the term of the credit has not expired, and by his own act is estopped to set up any such defence.

A like difficulty is suggested in the opinion in *Doughty* v. *Devlin*, as applying to a case in which the lien is created before moneys become payable from the owner, according to the terms of his agreement with the contractor.

But the sixth section of the statute in terms says, *within six months after the performance of the work*, &c., the notice shall be filed; *i. e.*, as I think, *at any time* within six months. Without now deciding what would be the effect of a notice given by the owner, requiring him to commence his action before the term of credit has expired, it seems to me that we best accomplish the design of the legislature by holding that, if within six months after the performance of the work, &c., he files his claim, and after the term of credit has expired he commences his action, his lien may be enforced, *unless* the term

of credit was so long that the lien expired by the limitation which the statute has affixed to it, viz., *twelve months*, (section 11, subdivision 3,) or unless the steps taken by the owner, while the credit was running, have defeated it.

Such a holding disposes of the objection raised in the present case ; and if the question is raised hereafter, in a case in which the claimant has voluntarily given a credit so long that he cannot avail himself of the benefits of the statute, his failure will be the consequence of his own voluntary acts.

The difficulties above suggested, however, confirm me in the opinion often expressed, that the foreclosure contemplated by the statute is an equitable proceeding, in which the powers of the court as a court of equity are peculiarly involved, to mould the remedy to suit the circumstances of each case, that the beneficial purposes of the act may be accomplished, and yet justice be done to all parties, without altering the contracts they have made among themselves.

The motion for a new trial must, therefore, be denied, with costs.

The motion for a new trial having been denied, in accordance with the foregoing decision, the defendant appealed to the general term. The cause was argued before the full bench, and was decided in November, 1854.

*Thomas S. Henry* and *H. P. Townsend*, for the defendant.

*Wm. H. Leonard* and *John T. Hoffman*, for the plaintiffs.

By THE COURT. INGRAHAM, FIRST J.—This action is brought to enforce a lien under the mechanics' lien law. The contract was entered into before the passage of the law. The materials were furnished by the plaintiffs after its passage. Before filing the notice of lien, the plaintiffs took from the contractor his note for the amount, payable at sixty days after date. Before the note became due, they filed the notice of lien, and after it became due and remained unpaid, they brought this

action. The reply admits the receipt of the note, that it was unpaid, and that it was in the plaintiffs' possession, ready to be delivered up.

Judgment was rendered for the plaintiffs, and a motion made to the judge, who tried the cause, was denied. The defendant now appeals:

1st. On the ground that the act is unconstitutional, because it impairs a contract made before its passage.

This point has been repeatedly passed upon by us, and we have held, that the act did not impair or affect the contract. That its only effect was to take money due to the contractor, and with it pay a debt that was due from such contractor, operating as an attachment of the moneys in the owner's hands, belonging to the contractor, for the purpose of paying his creditor. The contract remains unaffected by the proceeding. (See *Doughty* v. *Devlin*, *ante*, p. 625 ; *Kaylor* v. *O' Connor*, *ante*, p. 672 ; and *Sullivan* v. *Brewster*, *ante*, p. 681.)

2d. That the plaintiffs should have proved the furnishing of the materials for which the action was brought, to have taken place after the day on which the act took effect. Conceding such proof to have been necessary, the defendant furnished it himself, and thereby relieved the plaintiffs from the necessity of so doing. He proved, by Henry, the contractor, the bill and receipt of the articles so furnished ; and by such bill it appears that all the lumber was furnished after the 29th day of August, nearly a month later than the law took effect. No further proof was necessary.

3d. That the notice was filed before the credit on the note had expired ; and as there was nothing then due, the whole proceedings were void.

By the statute, the material man is authorized to file the notice, as prescribed by the statute, and shall, thereupon, have a lien therefor, &c. There is nothing in the statute requiring the claim to be due at the time of filing the lien. The only requisite is the furnishing of materials, pursuant to the contract.

It is not necessary here to repeat what was said by Judge

Miller v. Moore.

WOODRUFF, so fully, on the motion for a new trial before him on this point. Although the question is not free from difficulty, I am disposed to concur in his view of it as stated in his opinion at special term.

It is not necessary to say what would be the effect of extending the credit beyond the time designated for bringing the action. If by giving too long credit, the creditor deprives himself of the benefit of the act, he cannot complain if the lien becomes useless. By filing the notice, he obtains the security; and if within the time allowed he is in a condition to enforce the payment of the debt, I see no reason why he should be deprived of it.

The judgment should be affirmed.